UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRICIA BURRIS,

                Plaintiff,

vs.                                      Case No. 2:09-cv-201-FtM-29DNF

BANGERT COMPUTER SYSTEMS, INC., a
foreign corporation doing business
in Florida,

                Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendant's Motion to Dismiss for Lack of Personal Jurisdiction and to Quash Service of Process of Complaint (Doc. #8) and Memorandum of Law in Support of its Motion to Dismiss (Doc. #9), both filed on May 22, 2009.

     Defendant Bangert Computer Systems, Inc. (defendant or Bangert) seeks to dismiss the Fair Labor Standards Act (FLSA) Complaint and quash service of process because the Court does not have personal jurisdiction over it. Bangert asserts that it does not meet the requirements of the Florida Long-Arm Statute and, even if it did, it does not have sufficient minimum contacts with the State of Florida which satisfy the due process. Plaintiff filed a Response in Opposition (Doc. #16) on June 18, 2009.

A federal court has jurisdiction over a FLSA claim even if the amount sought is small. Brown v. Masonry Prods., Inc., 874 F.2d 1476, 1478 (11th Cir. 1989). The federal district court must also have personal jurisdiction over the defendant, or any judgment will be void as to that defendant. Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009).

**I.**

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). A prima facie case is established if plaintiff alleges enough facts to withstand a motion for directed verdict. SEC v. Carrillo, 115 F.3d 1540, 1542 (11th Cir. 1997)(citation omitted). Plaintiff Tricia Burrus filed a one-count Complaint (Doc. #1) for unpaid compensation under the Fair Labor Standards Act (FLSA). The Complaint alleges that plaintiff "was an employee" of Bangert Computer Systems, Inc., and that she "worked for Bangert as a Software Consultant and performed activities for Defendant in Collier County, Florida." (Doc. #1, ¶ 1.) The Complaint alleges that Bangert is a covered enterprise under the FLSA and that plaintiff "performed services for Defendant," but that Bangert did not properly pay her for the hours worked during the employment.

The Court concludes that these allegations satisfy plaintiff's initial obligation to set forth a prima facie case of jurisdiction.

**II.**

A two-part analysis is applied in determining personal jurisdiction. First, the exercise of jurisdiction must be appropriate under the state long-arm statute; second, the Court determines whether the exercise of personal jurisdiction would offend "traditional notions of fair play and substantial justice." Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 855 (11th Cir. 1990)(citations omitted). Plaintiff bears the ultimate burden of establishing that personal jurisdiction is present. Oldfied, 558 F.3d at 1217. Because the allegations in the competing affidavits can be reconciled, no evidentiary hearing is necessary. Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 503 (Fla. 1989).

Defendant has submitted an affidavit contesting personal jurisdiction. The Affidavit of Kurt Bangert (Doc. #9-2) states that he is the President of Bangert Computer Systems, Inc., and that Bangert Systems is an Iowa corporation with its principal place of business in Burlington, Iowa. Mr. Bangert further states that Bangert Systems has no offices in Florida, is not a foreign corporation doing business in Florida, is not licensed or authorized to do business in Florida, and does not conduct business in Florida. Mr. Bangert also states that plaintiff has not performed any Software Consultant services as an employee of

Bangert Systems for any entity in Florida, and that all of her contacts for Bangert Systems were in Kansas, Missouri, Iowa, Nebraska and Illinois.

"Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" Mazer, 556 F.3d at 1274 (citations omitted). The Affidavit of Tricia Burrus (Doc. #16-2) states the following: Plaintiff worked for Bangert from December, 2005 through June, 2007, and has resided in Marco Island, Florida since May 2007. Plaintiff worked for Bangert from her Marco Island residence from March 2008, when Bangert hired her as a software consultant, through February 13, 2009. Plaintiff traveled for work occasionally to Missouri and Kansas, but the vast majority of the work she performed for Bangert was done from her Marco Island residence. Plaintiff assisted Bangert customers in various states other than Florida. Plaintiff never traveled to the headquarters of Bangert Systems in Iowa or to any customers located in Iowa. Plaintiff was paid by direct deposit to her Florida account. (Doc. #16-2, Exhs. A-B.) Plaintiff asserts that a substantial part of the work about which there is currently a dispute as to overtime and minimum wage requirements was performed on Marco Island. A prior dispute as to plaintiff's entitlement to unemployment compensation was resolved by the Agency for Workforce Innovation

(Doc. #16-3, Exh. 2) in Florida regarding her separation from defendant on February 13, 2009.

## A. Florida Long Arm Statute

Because the FLSA is silent regarding service of process, the Court looks to the Florida long-arm statute to determine the existence of personal jurisdiction. Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626-27 (11th Cir. 1996). The reach of the Florida long arm statute is a question of Florida law. Mazer, 556 F.3d at 1274. Under Florida Statute Section 48.193(1),

> [a]ny person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from the doing of the following acts:
>
> > (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> >
> > . . .
> >
> > (g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

FLA. STAT. § 48.193(1)(a), (g).

## B. Due Process

The due process analysis involves a two-part inquiry. The first prong considers whether defendant engaged in minimum contacts with the state of Florida. The second prong considers whether the exercise of personal jurisdiction over defendant would offend

traditional notions of fair play and substantial justice. Madara v. Hall, 916 F.2d 1510, 1515-16 (11th Cir. 1990)(quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945)).

To establish minimum contacts, there must be a "purposeful availment of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1363 (11th Cir. 2006)(quotations and citations omitted). As long as there is a "substantial connection", even a single act can be sufficient to support jurisdiction depending on the nature and quality of the contact. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476, n.18 (1985). Physical presence of the defendant in the forum State is not required, id. at 476, but defendant's "conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there," World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)(citations omitted).

When determining whether the assertion of personal jurisdiction would comport with notions of "fair play and substantial justice", the Court considers "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest

of the several States in furthering fundamental substantive social policies." Burger King Corp. 471 U.S. at 477-78 (quoting World-Wide Volkswagen Corp., 444 U.S. at 292)(internal quotations omitted).

**C. Application**

General jurisdiction requires continuous and systematic contact with the State. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984). General jurisdiction is exercised "over a defendant in a suit not arising out of or related to the defendant's contacts with the forum." Id. at 415 n.9. See also Seabra v. Int'l Specialty Imports, Inc., 869 So. 2d 732, 734 (Fla. 4th DCA 2004)(general jurisdiction is a higher threshold); Oldfield, 558 F.3d at 1220-21 n.27. It is undisputed that defendant had no physical presence and has no presence in the State of Florida unrelated to this suit. Burrus' location in Florida at her residence is insufficient to constitute a continuous presence in Florida by Bangert. Therefore, the Court finds that general jurisdiction cannot be asserted over Bangert.

The Court finds, however, that plaintiff has established specific jurisdiction.[1] Under Florida Statute Section 48.193(1)(a), the activities of the foreign defendant must be considered collectively and "show a general course of business

---

[1] "Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint." McGow v. McCurry, 412 F.3d 1207, 1214 n.3 (11th Cir. 2005)(citation omitted).

activity in the State for pecuniary benefit." Sculptchair, 94 F.3d at 627 (citing Dinsmore v. Martin Blumenthal Assocs., Inc., 314 So. 2d 561, 564 (Fla. 1975)). Under Florida Statute Section 48.193(1)(g), "a plaintiff must establish that the defendant failed to perform an act or acts whose performance was to be in Florida and that such breach formed the basis for the cause of action for which relief is sought by the plaintiff." Washington Capital Corp. v. Milandco, Ltd., Inc., 695 So. 2d 838, 841 (Fla. 4th DCA 1997)(internal quotations omitted). "This provision means that there must exist a duty to perform an act in Florida; a contractual duty to tender performance to a Florida resident is not in itself sufficient to satisfy the statute." Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1218 (11th Cir. 1999).

The Court finds that plaintiff has established specific personal jurisdiction, and that the exercise of such personal jurisdiction does not offend due process. Defendant hired Burrus as an employee, allowed Burrus to work from Florida by computer with occasional travel, paid Burrus in Florida, and received the economic benefit of her employment for clients in at least Missouri and Kansas. Although there was some travel, most of the work Burrus performed was on the computer from her residence in Florida. Defendant also availed itself of Florida's protections when it disputed unemployment compensation for Burrus before a Florida State entity. The Court finds that defendant could reasonably

expect to be haled into Court in this forum based on the employment of Burrus, at least in matters related to that employment.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and to Quash Service of Process of Complaint (Doc. #8) is **DENIED.**

2. The temporary stay is **lifted**. As most of the dates in the FLSA Scheduling Order (Doc. #14) have now passed, the Clerk is directed to enter an Amended Scheduling Order resetting the deadlines.

**DONE AND ORDERED** at Fort Myers, Florida, this ___7th___ day of October, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record